Filed 12/30/13  P. v. George CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES R. GEORGE,<br><br>        Defendant and Appellant. | A138056<br><br>(San Francisco City & County<br>Super. Ct. No. 217331) |

In this matter, defendant James R. George appeals the trial court's decision to revoke his probation.  At the hearing on the motion, the prosecution introduced statements by Shwanta James indicating defendant was the person who assaulted her and was observed by police fleeing from the scene.  The trial court found the utterances were spontaneous under Evidence Code section 1240.  We find no abuse of discretion in this determination and affirm the revocation of probation.

### STATEMENT OF THE CASE

On May 23, 2011, defendant pled guilty to one felony count alleging the sale of marijuana (Health & Saf. Code, § 11360, subd. (a)) in the Superior Court of San Francisco.  He was placed on probation for three years subject to several terms and conditions, including the obligation to obey all laws.

On January 30, 2012, the district attorney moved to revoke defendant's probation.  On February 24, 2012, after defendant admitted a probation violation, the court reinstated his probation.  On August 6, 2012, the district attorney again moved to revoke defendant's probation.  On September 10, 2012, after defendant again admitted to a

1

violation of probation, the trial court reinstated his probation with the additional conditions that he stay away from the person of Shwanta James and her residence.

On October 10, 2012, the district attorney moved to revoke defendant's probation. On January 25, 2013, after a hearing on the matter, the court determined defendant was in violation of the terms of his probation. On March 1, 2013, the trial court proceeded to revoke his probation and sentenced defendant to the upper term of four years in custody at the county jail.

On March 4, 2013, defendant filed his timely notice of appeal.

### STATEMENT OF FACTS

San Francisco Police Officers Ellis and Lyons were dispatched to the area of 1066 Palou on October 7, 2012, around 8:45 p.m. The dispatch concerned a reported assault. Upon arrival, Officer Ellis noted a female pacing back and forth on the corner. She was identified as Shwanta James by the officers. As Ellis approached her, he noted she was visibly upset, in tears, and shaking. James advised the officers she had just called 911. The officer saw evidence Ms. James had been assaulted since she had a red mark on her right arm and evidenced human bite marks on her neck.

Ellis asked her what had taken place. James stated she had been staying at a friend's house at 1066 Palou when defendant came over and began interrogating James about other men in her life. Defendant became upset and proceeded to hit Ms. James on her right arm with a wooden spoon. He then jumped on her back and began biting her neck. During this narrative, James noticed defendant up the street. She pointed him out to the officers. Defendant was standing across the street in front of 1068 Palou. With this, defendant turned around and took off in the opposite direction.

The officers pursued defendant on foot and detained him at Oakdale Street. A search of defendant produced marijuana, plastic baggies, a scale, and currency.

### DISCUSSION

At the revocation hearing, the trial court allowed the introduction of Shwanta James's statements as spontaneous utterances under Evidence Code section 1240. The trial court stated: "The Court will exercise its discretion under Evidence Code

2

section 1240 to find that there's a sufficient basis for the officer to testify as to the witness' statements. It appears that it was made spontaneously and under the stress of the event. She's still excited, still upset. There's no time for reflection. And the Court believes that there's a sufficient basis for [her] spontaneous statements to come in to be admissible in this proceeding."

Under Evidence Code section 1240, "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception." The "spontaneous utterance" is an exception to the hearsay rule.

By "spontaneous," the Evidence Code includes remarks made without any deliberation or reflection. (*People v. Farmer* (1989) 47 Cal.3d 888, 903, overruled on other grounds in *People v. Waidla* (2000) 22 Cal.4th 690, 724, fn. 6.) These are statements that are made under the stress of excitement and arise generally when reflection is in abeyance. (*People v. Poggi* (1988) 45 Cal.3d 306, 319 (*Poggi*).) We consider such statements trustworthy, and hence admissible, because "in the stress of nervous excitement, the reflective faculties may be stilled and the utterance may become the instinctive and uninhibited expression of the speaker's actual impressions and belief." (*People v. Farmer, supra,* 47 Cal.3d at p. 903.) The evidence triggering a declaration as spontaneous, must focus on the mental state of the declarant. (*Ibid.*)

In assessing the mental state of the declarant, the courts consider the passage of time between the startling event and the statement, whether the statement is in response to questioning by another, and the emotional and physical presence of the declarant. (*People v. Clark* (2011) 52 Cal.4th 856, 925.)

As a general rule, the elements of a spontaneous utterance are questions of fact for the trial court's determination exercising its discretion within the context of the evidence. (*Poggi, supra,* 45 Cal.3d at p. 318; *People v. Washington* (1969) 71 Cal.2d 1170, 1176–1177.) This exercise is especially appropriate for the trial court because the utterance under review is tied to the incident. The incident triggers the utterance, and this

3

determination implicates the essence of trial court discretion. (*Poggi*, at p. 319.) We will not disturb this conclusion unless the facts, express or implied, relied on by the court, are not supported by a preponderance of the evidence. (*People v. Trimble* (1992) 5 Cal.App.4th 1225, 1234.) While the trial court here explained its rationale for finding the exception, express findings of fact are not necessary. (*People v. Anthony O.* (1992) 5 Cal.App.4th 428, 434.)

On this record, there was no abuse of discretion by the trial court. When the officers met with Ms. James, she was pacing back and forth and visibly upset. She had tears in her eyes and looked "like she had been in a tussle." It is reasonable to conclude the assault had been recent because the police arrived at the site within two to five minutes of the radio call. Any questions asked by the police were simply aimed at finding out what had taken place. (*Poggi, supra* 45 Cal.3d at pp. 319–320.)

Here, defendant challenges the finding on several grounds. He argues there is a lack of evidence concerning the time that passed between the assault and the spontaneous utterance. However, the facts presented to the trial court involved a report of an assault with the police arriving no more than five minutes after receipt of the dispatch, a complainant pacing the street in a disheveled condition, crying and indicating both physically and emotionally she has been a recent subject of a violent act, and the presence of defendant across the street from the victim—a defendant who then flees when she points him out to the police. These are factors that permit the conclusion there is close proximity between the crime and the utterance. Also, the passage of 30 minutes or more between the incident and the utterance does not "strip the statement of spontaneity." (*People v. Stanphill* (2009) 170 Cal.App.4th 61, 74; *Poggi, supra* 45 Cal.3d at p. 315–316.)

Defendant also claims Ms. James was subjected to questioning by the officers. However, a review of the record indicates the questioning was not suggestive, only designed to determine the basis for being summoned to this area of Palou. Furthermore, questioning of 15 to 20 minutes alone by police does not render the statement nonspontaneous. (*Poggi, supra,* 45 Cal.3d at p. 316.)

4

Finally, defendant claims the record does not support the determination the victim was excited or upset at the time the police arrived. Based on the record before it, the trial court reached a contrary conclusion. We will not upset that ruling.

In summary, we find no abuse of discretion by the trial court in finding the statement was spontaneous. The court properly found defendant in violation of his probation and accordingly, at the hearing on his *third* motion to revoke, decided it was appropriate to impose the sentence. As observed by a prior court, the spontaneous utterance exception to the hearsay rule is a "special breed of hearsay exception which automatically satisfy" the rights of probationers. (*People v. Stanphill, supra*, 170 Cal.App.4th at p. 81.)

We affirm the judgment.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

5